[Cite as *State v. Weiland*, 2016-Ohio-5034.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

ROSS ALAN WEILAND

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2015CA00227

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2015 CR 1359 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 18, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney,
Stark County, Ohio

By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

STEVEN A. REISCH
Stark County Public Defender's Office
201 Cleveland Avenue S.W., Suite 104
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}   Defendant-appellant Ross Alan Weiland appeals his conviction entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 21, 2015, Officers from the Canton Police Department responded to a call of an unresponsive female at 509 11 St. N.W., Canton, Ohio. Upon arrival, Officer McIntosh entered and proceeded to the second floor of the residence. In the upstairs bedroom, Officer McIntosh found emergency medical responders attending to an unconscious female. The unconscious female was believed to have overdosed on heroin. Other individuals were present outside of the bedroom; one individual was identified as the husband of the unconscious female.  That individual was later identified as Ross Alan Weiland, Appellant herein.

{¶3}   Appellant had called 911 after finding his wife, Monique, unresponsive from a heroin overdose. Appellant and Monique had injected heroin twelve hours prior to Appellant's call to 911.  Responding emergency medical personnel attempted to resuscitate Monique, but were unsuccessful.

{¶4}   Emergency medical responders removed the woman from the residence and transported her to the hospital, where she later passed away. Appellant asked Officer McIntosh if he could go to the hospital with his wife. Officer McIntosh told Appellant the best thing he could do was to cooperate in the investigation. Appellant told the officer "that's fine."  The entire encounter between Appellant and Officer McIntosh was captured on Officer McIntosh's body camera. The recording was later introduced at the suppression hearing herein.

**{¶5}** While Appellant was discouraged from accompanying his wife to the hospital land told the best thing he could do was to cooperate in the investigation, he was free to move about the house, with the exception of the bedroom where his wife was found. Officers at the scene told Appellant he could be charged with a crime for aiding his wife in obtaining heroin. As a result, Appellant told the officers where he obtained the heroin. He explained his wife was attempting to "detox," was "cold and clammy," and talking "gibberish;" therefore, he injected her with heroin. When asked whether his wife was able to inject herself with heroin, Appellant answered "no." When asked whether he injected it for her, he replied, "yes." Following Appellant's statements, the officers advised Appellant of his Miranda rights.

**{¶6}** Later, Appellant voluntarily went with officers to the Canton Police Department and cooperated with them in their investigation.

**{¶7}** On October 14, 2015, Appellant filed a motion to suppress the statements made to officers at his residence. On November 6, 2015, the trial court conducted a hearing on Appellant's motion to suppress. Via Judgment Entry of November 20, 2015, the trial court overruled the motion to suppress.

**{¶8}** On November 25, 2015, Appellant entered a plea of no contest to the charges. On November 30, 2015, Appellant was convicted of the charges and the trial court imposed a sentence of four years in prison.

**{¶9}** Appellant appeals, assigning as error,

**{¶10}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS HIS STATEMENTS."

I.

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.*

{¶12} At the suppression hearing, it was established Appellant had contacted 911 when he found his wife unresponsive after he had injected her with heroin 12 hours earlier. Officer McIntosh testified he responded to the emergency call of an unresponsive female, believed to have overdosed on heroin. Appellant informed the officers of the source of the heroin after he was told he could be charged with a crime for obtaining the

heroin. The officers told Appellant the best thing he could do was to cooperate with the investigation. Appellant was discouraged from accompanying his wife to the hospital, where she was declared dead due to the heroin overdose.

{¶13} Appellant told the officers his wife was attempting to "detox," she was "cold and clammy" and "talking gibberish;" therefore, he injected her. Appellant told the officers his wife was unable to inject herself, so he had to inject her. He was then advised of his Miranda rights. Tr. at 35. Appellant's bedroom he shared with his wife was filled with needles. When asked by the officers to stay and answer questions, Appellant answered, "that's fine."

{¶14} Appellant maintains, although the questioning took place in his home, he was not free to leave and the officers did not give him permission to accompany his wife to the hospital. Appellant maintains the questioning occurred in a custodial setting.

{¶15} The relevant inquiry is how a reasonable person in the suspect's position would have understood the situation. *Berkemer v. McCarty* (1984), 468 U.S. 420, 441. Relevant factors to consider in determining whether a custodial interrogation took place are: (1) the mentality and prior criminal experience of the accused; (2) the location of the questioning; (3) the duration of the questioning; (4) the intensity and frequency of interrogation; (5) statements made during the interview; (6) the presence or absence of physical restraints; (7) the existence of physical deprivation or mistreatment; (8) the existence of threat or inducement; and (9) whether the interviewee was released at the end of the interview. *Howes v. Fields* (2012), 132 U.S. 1181, 132 S.Ct. 1181, 1189, 182 L.Ed. 2d 17. Miranda warnings are required if the person is deprived of their freedom in

a significant way, which can be demonstrated by a "police-dominated atmosphere" in the home. *United States v. Craghead,* 539 F.3d 1073 (CA 9 2008).

{¶16} The requirement police officers administer Miranda warning applies only when a suspect is subjected to both custody and interrogation. *State v. Guysinger*, 12th Dist. No. 11CA3251, 2012-Ohio-4169, citing *State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008. Miranda rights only attach when both custody and interrogation coincide. Id. An individual has a right to counsel only when he is in custodial interrogation, as a suspect, or once adversary proceedings have commenced and he becomes a defendant. Id.

{¶17} The courts of this state have generally found an individual is not in custody when questioning takes place in the individual's home and the individual is free to move about and is questioned by an officer over a brief period of time. *State v. Chenoweth,* 2nd Dist. No. 2010CA14, 2011-Ohio-1276.

{¶18} Here, we find Appellant was not in custody at the time he was questioned, as the questioning took place in his home, in response to a call for assistance. The officers did not consider Appellant a suspect or the focus of the investigation initially. He was not handcuffed during the investigation and no threats, intimidation or coercion occurred by the officers while they were speaking with Appellant. Appellant's movement throughout the house was not restricted. Despite his being discouraged from accompanying his wife to the hospital or his inability to enter the bedroom (which was determined to be a crime scene), we find he was not in custody. Neutral parties were present during the investigation. Appellant voluntarily participated in the questioning, answering "that's fine" upon being asked to stay and cooperate with the investigation. Immediately upon

Appellant's making the incriminating statements, the officers advised Appellant of his rights.

**{¶19}**  We find the testimony presented at the suppression hearing establishes a reasonable person would not have believed he was in custody at the time Appellant made the statements.  Accordingly, we find the trial court did not err in denying Appellant's motion to suppress herein.

**{¶20}**  The sole assignment of error is overruled.


By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur